STATE of Tennessee, Appellee,

v.

**Danny Lee HURLBURT, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 25, 1986.

Permission To Appeal Denied by Supreme Court June 30, 1986.

**90**

OPINION

BYERS, Judge.

The defendant was charged with burglary in the second degree. The district attorney general refused to enter into a pre-trial diversion agreement with the defendant.

Upon the defendant's petition for certiorari, the trial court held the defendant was ineligible for pre-trial diversion as a matter of law.

The judgment is affirmed.

T.C.A. § 40–15–105(a)(1) provides that a pre-trial diversion agreement may be entered into on any offense where, among other criteria, the maximum punishment for the offense does not exceed ten years.

The maximum punishment provided by statute for burglary in the second degree is fifteen years. T.C.A. § 39–3–403.

The defendant argues that because T.C.A. § 40–35–109(a), which establishes classification of offenders, fixes the maximum Range I sentence, for a standard offender, in cases of second degree burglary at nine years, he is eligible to apply for diversion.

We do not accept this proposition. The Legislature, in fixing the maximum punishment prohibition for diversion at ten years, created a class of crimes which cannot be subject to diversion, i.e., all crimes carrying a possible maximum sentence of more than ten years.

On the other hand, the Legislature in the Sentencing Reform Act created a formula for determining the status of offenders without regard to the crime or to the maximum punishment provided in the penal statute.

In light of these separate purposes, we conclude the Legislature did not intend to create an exception to T.C.A. § 40–15–105(a)(1) when the status of an offender would, after conviction, result in an effective maximum punishment of ten years or less. Thus the criteria for crimes amenable to pre-trial diversion on the basis set out therein is still applicable.

The trial judge properly denied the defendant's petition and properly held the defendant was not eligible for the program as a matter of law.

DAUGHTREY and TATUM, JJ., concur.